UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| IRON WORKERS MID-SOUTH PENSION FUND, Derivatively on Behalf of CATERPILLAR, INC., <br><br> Plaintiff, <br> v. <br><br> DOUGLAS R. OBERHELMAN, et al., <br><br> Defendants, <br><br> and <br><br> CATERPILLAR, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 1:13-cv-01104-SLD-JEH |

ORDER

Plaintiff Iron Workers Mid-South Pension Fund ("Iron Workers") is a shareholder of Nominal Defendant Caterpillar, Inc. After Caterpillar announced that a foreign company it acquired had engaged in accounting misconduct, Plaintiff brought this shareholder derivative action against Defendants—who are Caterpillar directors and officers—alleging breaches of fiduciary duties, wasting of corporate assets, and unjust enrichment. Interested Party Ellen J. Stokar IRA ("the IRA"), initially seeking to join Iron Workers' suit against Caterpillar, has questioned the adequacy of Iron Workers' jurisdictional allegations. The IRA's Motion for Leave to File A Reply In Support of Its Motion to Stay Consolidation, ECF No. 35, is GRANTED. Plaintiff Iron Workers purports to bring this action pursuant to 28 U.S.C. § 1332, but as set forth below, the Court finds that Plaintiff has failed to properly allege subject matter jurisdiction based on diversity of citizenship. Accordingly, Plaintiff must file an Amended

1

Complaint that addresses the inadequacies described below or have its suit dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On March 6, 2013, and March 26, 2013, respectively, Iron Workers and City of Sterling Heights General Employees' Retirement System ("Sterling Heights") independently filed derivative suits on behalf of Caterpillar, Inc. They followed the complaints with agreed motions to consolidate the cases and appoint lead counsel on May 16, 2013. On June 4, 2013, the IRA filed a motion to intervene and stay the action for 60 days allowing the IRA time to file its complaint; the motion was opposed by Iron Workers and Sterling Heights. Meanwhile, Michael D. Wolin filed a similar derivative suit on August 5, 2013. On October 15, 2013, Wolin, Iron Workers, and Sterling Heights filed a joint motion to consolidate, appoint lead counsel and set a briefing schedule ("joint consolidation motion"). The IRA—which filed its own complaint on behalf of Caterpillar on October 24, 2013—moved on November 1, 2013, to withdraw its motion to intervene and to stay consolidation until the Court resolved alleged jurisdictional issues with the Iron Workers' and Sterling Heights' complaints. The IRA argued that these two plaintiffs pleaded insufficient information to establish subject matter jurisdiction based on diversity of citizenship. Mot. Stay Consol. 1–2, ECF No. 30.[1] Iron Workers contends in opposition that it is a trust, that the IRA concedes this, *see id.*, and that Iron Worker's jurisdictional allegations properly refer to the citizenship of its trustees. Pl.'s Mem. in Opp. Mot. Stay Consol. 6–8, ECF No. 34.

---

[1] All docket citations refer to the Iron Workers' case, No. 1:13-cv-01104-SLD-JEH.

## DISCUSSION

**I. Legal Standard**

28 U.S.C. § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met. *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). At the same time, in any case premised on diversity jurisdiction, a court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

In order to satisfy the diversity of citizenship requirement, "complete diversity" must be established—no plaintiff and defendant can be a citizen of the same state. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A "naked declaration that there is diversity of citizenship is never sufficient." *Thomas*, 487 F.3d at 533. Rather, the citizenship of each party to the litigation must be identified. *Id.*

A trust takes the citizenship of its trustees for diversity purposes. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted); *see also Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201 (3d Cir. 2007) (noting that the Seventh Circuit is among jurisdictions holding that the citizenship of a trust is that of its trustees). Therefore, to properly plead diversity jurisdiction where a trust is party, a plaintiff must identify each trustee as well as his or her citizenship. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (holding jurisdictional statement deficient where it merely alleged that a party was a "Massachusetts trust" and did not identify the trustee); *see also America's Best Inns,*

*Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("It is impossible to determine diversity of citizenship without knowing who the persons in question are.").

## II. Analysis

Plaintiff is clearly neither a corporation nor a natural individual, but the Complaint itself does not furnish information about Plaintiff's legal structure outside of providing its name, i.e., "pension fund."  Compl. ¶ 9, ECF No. 1.  In its response memorandum to the IRA's jurisdictional attack, Plaintiff indicates that it is a trust and argues that it pleaded the citizenship of its trustees to establish diversity.  Pl.'s Mem. in Opp. Mot. Stay Consol. 6–8.  But the Complaint merely alleges: "Plaintiff is a citizen of Texas, Louisiana, Oklahoma, and Mississippi." Compl. ¶ 9.  This statement fails (1) to identify how Plaintiff is organized and (2) if a trust, to identify and provide the states of citizenship of each of Plaintiff's trustees.  In the absence of information about Plaintiff's trustees, Plaintiff has not established that this Court has jurisdiction over its claims.

## CONCLUSION

The IRA's Motion for Leave to File A Reply In Support of Its Motion to Stay Consolidation, ECF No. 35, is GRANTED.  The Complaint, ECF No. 1, does not adequately allege diversity jurisdiction.  The Court orders Plaintiff to file by March 25, 2014, an Amended Complaint that includes factual allegations, assuming they exist, that address the inadequacies described above.  Otherwise, the Court will dismiss Plaintiff's case for lack of subject matter jurisdiction.

Entered this 11th day of March, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
