E-FILED
Friday, 07 November, 2014 04:02:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IRON WORKERS MID-SOUTH PENSION FUND, Derivatively on Behalf of CATERPILLAR INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS R. OBERHELMAN, et al., <br><br> Defendants, <br><br> and <br><br> CATERPILLAR INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 1:13-cv-01104-SLD-JAG |
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of CATERPILLAR INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS R. OBERHELMAN, et al., <br><br> Defendants, <br><br> and <br><br> CATERPILLAR INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 1:13-cv-01141-SLD-JAG |

1

| | |
|---|---|
| MICHAEL D. WOLIN, Derivatively on Behalf of CATERPILLAR INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-cv-01344-SLD-JAG ) |
| DOUGLAS R. OBERHELMAN, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CATERPILLAR INC., a Delaware Corporation, | ) ) ) |
| Nominal Defendant. | ) |
| THE ELLEN J. STOKAR IRA, Derivatively on Behalf of CATERPILLAR INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:13-cv-01509-SLD-JAG ) |
| DOUGLAS R. OBERHELMAN, et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CATERPILLAR INC., a Delaware Corporation, | ) ) ) |
| Nominal Defendant. | ) |

# ORDER

Four shareholders of Nominal Defendant Caterpillar Inc. ("Caterpillar")—Iron Workers Mid-South Pension Fund ("Iron Workers"), City of Sterling Heights General Employees' Retirement System ("Sterling Heights"), Michael D. Wolin ("Wolin"), and The Ellen J. Stokar IRA ("Stokar")—have brought separate derivative actions alleging that Defendants, who are

2

directors and officers of Caterpillar, breached their fiduciary duties and wasted corporate assets. These four Plaintiffs request that the Court appoint one or more of their attorneys as lead counsel in this case. Plaintiff Sterling Heights' Motion for Hearing, ECF No. 56, is DENIED, as the parties' numerous memoranda comprehensively address the issues. Because the Court adopts these Plaintiffs' initial proposal, as explained below, Plaintiffs Iron Workers and Wolin's Motion to Appoint Law Offices of Bernard M. Gross P.C. and Robbins Arroyo as Co-Lead Counsel, ECF No. 48, and Plaintiff Sterling Heights' Joinder in the Motion, ECF No. 49, are MOOT.

## BACKGROUND

On March 31, 2014, the Court consolidated these four cases and denied each Plaintiff's request to have its respective attorney or attorneys appointed lead counsel, citing concerns about the inefficiency of having multiple law firms directing the shareholders' case. Mar. 31, 2014 Order 9–10, ECF No. 41. The Court directed the parties to "to confer among themselves and select a single law firm—or at most, two law firms—to serve as lead counsel." *Id.* at 10. The Plaintiffs held a conference call on April 4, 2014, during which each initially argued that its own counsel should be lead. Goodman Decl. ¶ 2, ECF No. 45. The only compromise structure that three of the four Plaintiffs—Iron Workers, Sterling Heights, and Wolin—would agree to was the following:

> Robbins Geller Rudman & Dowd LLP ["Robbins Geller"], counsel for Plaintiff Sterling Heights will be designated as the sole lead counsel for this consolidated derivative action on behalf of Caterpillar; lead counsel will work in good-faith with all other plaintiffs' counsel, including counsel for Stokar IRA . . . , to efficiently and effectively prosecute the derivative claims in a manner that will allow all plaintiffs' counsel groups an opportunity to jointly share in the work, financial obligations, risks, and potential rewards, associated with a good-faith, zealous, and vigorous prosecution of these derivative claims.

Pls.' Notice of Agreement 2, ECF No. 44; Goodman Decl. ¶ 2. Stokar allegedly refused to agree to this structure unless its counsel was appointed co-lead or chair of an executive committee comprised of the attorneys for Stokar, Wolin, and Iron Workers. Goodman Decl. ¶ 3. The majority rejected this counteroffer on the grounds that: (1) Wolin and Iron Workers had agreed to sacrifice their bid to have their counsel co-lead, and Stokar should also be amenable to compromise; and (2) the executive committee structure would add unnecessary complexity to the litigation of Plaintiffs' case. Pls.' Notice of Agreement 4.

Upon notice that all Plaintiffs had failed to agree upon a single structure as directed, on May 5, 2014, the Court directed the parties to brief their respective arguments for appointment of lead counsel. Iron Workers and Wolin then moved for the joint appointment of the Law Offices of Bernard M. Gross ("BMG"), who are counsel for Wolin, and of Robbins Arroyo LLP, who are counsel for Iron Workers, as co-lead counsel. Pls.' Mot. Appoint Co-Lead Counsel, ECF No. 48. They noted, however, that they were "not at all opposed" to the initially proposed leadership structure, but interpreted the Court's order setting a briefing schedule to "effectively reject" that proposal due to a lack of consensus. *Id.* at 2. Sterling Heights joined in Iron Workers and Wolin's motion. Pl.'s Joinder in Mot. Appoint Co-Lead Counsel, ECF No. 49.

For its part, Stokar rejected both the majority's initial structure and more recent BMG-Robbins Arroyo proposal, and continued to argue, as it had prior to consolidation, for its attorneys—Stull, Stull & Brody and Meites Mulder—to be appointed as lead and liaison counsel, respectively. Pl.'s Mem. in Supp. Renewed Mot. Appoint Lead & Liaison Counsel, ECF No. 50; Pl.'s Opp. to Pls.' Mot. Appoint Co-Lead Counsel, ECF No. 54. Stokar argued that its counsel were best qualified because: (1) unlike Iron Workers or Sterling Heights, Stokar

had served a demand letter requesting documents from Caterpillar pursuant to 8 Del. Code § 220 ("Section 220") before filing suit; (2) Stokar had filed a complaint that "on its face, met this Court's diversity jurisdiction requirements"; and (3) Meites Mulder has prior experience litigating against Caterpillar. Pl.'s Mem. in Supp. Renewed Mot. Appoint Lead & Liaison Counsel 1. Stokar's second reason referenced the fact that, based on a motion by Stokar, the Court had ordered Iron Workers and Sterling Heights to more specifically allege the grounds for diversity jurisdiction, *see, e.g.*, Mar. 11, 2014 Order, ECF No. 38, which these Plaintiffs subsequently did, *see* Mar. 31, 2014 Order 5.

## DISCUSSION

**I.     Legal Framework**

Federal Rule of Civil Procedure 23.1 requires that a plaintiff in a shareholder derivative suit "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation." Fed. R. Civ. P. 23.1(a). The Federal Rules, however, are silent on how to determine the appointment of lead counsel in a shareholder derivative action. When exercising their discretion in this matter of "case management, rather than adjudication," courts either: (1) appoint both a lead plaintiff and lead counsel, or (2) appoint a lead counsel only, on the theory that the action is filed on behalf of the company, not a particular plaintiff. *Chester Cnty. Emps.' Ret. Fund v. White*, No. 11 C 8114, 2012 WL 1245724, at *1 (N.D. Ill. Apr. 13, 2012). The Federal Judiciary Center's Manual for Complex Litigation ("MCL") describes the basic principles underlying designation of particular attorney functions in litigation involving multiple parties:

> The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties. . . . The functions of lead counsel may be divided among several

attorneys, but the number should not be so large as to defeat the purpose of making such appointments.

MCL § 10.221 (4th ed. 2004).

Delaware law gives a stockholder a right to inspect and copy, for any proper purpose, a corporation's stock ledger, list of stockholders, and its other books and records. 8 Del. Code § 220(b)(1). The Delaware Supreme Court has rejected the "fast filer" irrebuttable presumption, under which a plaintiff who filed a derivative complaint without first seeking the corporation's books and records under section 220 is for that reason automatically deemed an inadequate representative of the shareholders' interests. *Pyott v. La. Mun. Police Emps.' Ret. Sys.*, 74 A.3d 612, 618 (Del. 2013).

**II.     Analysis**

Each plaintiff has presented evidence of its favored law firm's qualifications to conduct this litigation, and the Court finds no reason why any of the proposed lead counsel would not serve competently in that role. As the Court previously made clear, however, the shareholders of Caterpillar also require efficiency and economy in the legal representation of their interests in this case. *See* MCL § 10.221. In that spirit, the Court directed the Plaintiffs to reach a consensus on a streamlined structure with no more than two co-lead counsel. The closest the Plaintiffs came was the initial proposal by Iron Workers, Sterling Heights, and Wolin, in which only Sterling Heights' attorney would be lead, but work would be shared with the other Plaintiffs' counsel. The majority misinterpreted the Court's subsequent text order, setting a briefing schedule, to reflect disapproval of the majority's initial proposal. Indeed, that structure is the most efficient—with a single lead counsel—and the most equitable—with its division of work among counsel representing all Plaintiffs—of the proposals that three rounds of briefing

have yielded. It has also garnered majority, if not unanimous, support, unlike any of the proposals advanced by its single opponent, Stokar.

Stokar's arguments for the superiority of its own counsel are unpersuasive. The fact that Sterling Heights did not perform a Section 220 investigation before bringing suit does not necessarily mean that Sterling Heights is an inadequate derivative plaintiff, and, by extension, that its counsel is incompetent to serve as lead counsel for solely that reason. *See Pyott*, 74 A.3d at 618. Any such inadequacy that this failure suggests, moreover, is nullified here by the fact that Wolin, who also undertook a section 220 investigation, supports Robbins Geller as sole lead counsel, and counsel selected by both Wolin and Stokar would assist Robbins Geller under the majority's structure.

As for the supplemental briefing on diversity of the parties, the Court did not find that Iron Workers and Sterling Heights erroneously asserted jurisdiction where none existed, but only asked that these Plaintiffs provide more information about their business structure and conform their citizenship pleading to that structure. *See, e.g.*, Mar. 11, 2014 Order 4. Considering that Robbins Geller will be aided by Stokar, who raised the jurisdictional issue, the Court does not find that this episode indicates that the majority's structure will not adequately represent the Caterpillar shareholders' interest. Finally, Meites Mulder's prior experience in Caterpillar litigation carries little weight in this case, as Stokar makes no representation that this experience made Meites Mulder privy to information not publicly available to any researching attorney. *See* Pl.'s Mem. in Supp. Renewed Mot. Appoint Lead & Liaison Counsel 12–14.

Robbins Geller has experience conducting and winning shareholder derivative suits. *See* Case No. 13-1141, Goodman Decl., Ex. A at 8–11, ECF No. 12-1. Through the cooperative counsel structure, Robbins Geller will receive the benefit of support from counsel chosen by all

7

Plaintiffs, including Stokar. This structure, as noted, is the most efficient Plaintiffs have proposed, with its single leader; the fairest, with an agreed distribution of labor and reward; and is voluntarily accepted by a majority of Plaintiffs. It thus addresses the policy concerns informing the designation of attorney functions in multi-party litigation. *See* MCL § 10.221. This structure also facilitates compliance with Local Rule 11.2, which requires a single lead counsel to be appointed for purposes of receiving telephone conference calls. Accordingly, the Court adopts the counsel structure identified in the Notice of Agreement Regarding a Proposed Leadership Structure, ECF No. 44.

## CONCLUSION

Plaintiff Sterling Heights' Motion for Hearing, ECF No. 56, is DENIED. Plaintiffs Iron Workers and Wolin's Motion to Appoint Law Offices of Bernard M. Gross P.C. and Robbins Arroyo as Co-Lead Counsel, ECF No. 48, is MOOT in light of the Court's adoption of Plaintiffs' initial, unrepudiated proposal, as is Plaintiff Sterling Heights' Joinder in the Motion, ECF No. 49. The Court approves the structure for Plaintiffs' counsel proposed in the Notice of Agreement Regarding a Proposed Leadership Structure, ECF No. 44. Robbins Geller Rudman & Dowd LLP is appointed lead counsel for Plaintiffs, but it is directed to delegate work in good faith to counsel for each other Plaintiff in accordance with the Agreement.

Entered this 7th day of November, 2014.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE